# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JESSI NICOL EADES,<br><br>    Defendant. | Case No. CR-24-196-RAW |

## ORDER

The Defendant has been charged in a two-count Indictment with: (1) Burglary in the Second Degree in Indian Country in violation of 18 U.S.C. §§ 1151 and 1153 and 21 OKLA. STAT. § 1435(A) and (2) Assault with a Dangerous Weapon with Intent to Bodily Harm in Indian Country in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153.

Now before the court is the Defendant's motion to dismiss Count One for lack of specificity pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii) [Docket No. 22] and the Government's response thereto [Docket No. 25].  The Defendant argues that the Indictment fails to adequately apprise her of the acts and allegations the government must prove to convict her, as it does not specify what "felony" she intended to commit upon entering the dwelling house.

Count One of the Indictment in this case reads:

On or about September 20, 2023, within the Eastern District of Oklahoma, in Indian country, the Defendant JESSI NICOLE EADES, an Indian, did break and enter the dwelling house of Victim 1 in which there was no human being present, **with the intent to steal property therein *and* commit any felony**, in violation of Title 18, United States Code, Sections 1151 and 1153, and Title 21, Oklahoma Statutes, Section 1435(A).

Docket No. 2/3 (emphasis added).  The statute at issue reads in pertinent part:

> Every person who breaks and enters the dwelling house of another, in which there is at the time no human being present . . .**with intent to steal any property therein *or* to commit any felony**, is guilty of burglary in the second degree.

21 OKLA. STAT. § 1435(A) (emphasis added).*

An indictment is to be "tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). An indictment is "constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense." *Id*. When an indictment "quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (citations and internal quotations marks omitted).

The Government argues that the Indictment in this case meets these requirements, as the Defendant is on notice of the essential elements of the offense charged and of what she must be prepared to defend against. Additionally, the Government argues, in the event of an acquittal, the Defendant will be able to assert a double jeopardy defense to any subsequent prosecution regarding her alleged unauthorized entry into Victim 1's home on September 20, 2023.

The court agrees. The Indictment in this case quotes the language of the statute and includes the date, place, and nature of illegal activity. It contains the essential elements of the

---

* "It is permissible for an indictment to use the word 'and' although the statute employs the word 'or.'" *United States v. Powell*, 226 F.3d 1181, 1192, n.4 (10th Cir. 2000). "As we have noted, it is 'hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.'" *Id*. (quoting *United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976)).

offense charged, sufficiently apprises the Defendant of what she must be prepared to defend against, and enables her to plead an acquittal or conviction as a bar to any subsequent prosecution for an offense related to her alleged unauthorized entry into Victim 1's home on September 20, 2023. Accordingly, the motion to dismiss Count One of the Indictment [Docket No. 22] is hereby DENIED.

**IT IS SO ORDERED** this 6th day of March, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**